[Crim. No. 5289.   Second Dist., Div. One.   Feb. 28, 1955.]

THE PEOPLE, Respondent, v. HENRY CLAY CASEY, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and from the order denying defendant's motion for a new trial.

Appellant was charged by information with the violation of section 337a of the Penal Code. Four counts were alleged. Defendant was found guilty on Counts II and IV, Counts I and III were dismissed.

It is contended on appeal that the evidence is insufficient to sustain the conviction.

As recited in appellant's brief, "Officer Martin Yturralde, Jr., testified that he was a vice officer and he saw defendant in a smoke shop located at 11513 South Wilmington Avenue, Los Angeles, on March 2, 1954. He entered the shop about 1:00 P. M. and purchased a National Daily Reporter. He asked him if there was any particular horse that would be a good bet running on that day at Santa Anita and defendant stated 'The best bet would be Sierra II.' He asked defendant if he would take a bet on that horse, and he said he would not, but he would take a bet on another horse if he wished to place a bet. He then stated that he wished to make a bet on Gay Darling in the fourth race at Santa Anita, two dollars to place; and two dollars to place on Mount Haro in the sixth race at Santa Anita. He then paid defendant four dollars. Santa Anita is a race track operated in Arcadia, California. He hung up the receiver and approximately one minute later the phone rang and defendant answered it. At that time he heard defendant say 'Hot Cow Sage'. At that time he told defendant he would like to bet two dollars to place on Pistollo in the fifth; and two dollars to place on Indian Red in the Sixth at Santa Anita. At that time, defendant repeated these names and his initials M. Y. He then gave defendant four dollars. Defendant asked him how much he owed him from yesterday and he stated $4.10.''

A similar incident occurred the next day. Two other officers took part. The number on the bills given the de-

fendant was noted and later the money was found in defendant's cash register.

Appellants' contention that the evidence is insufficient lacks support in the record.

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.